IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARIO TERRELL RUCKER**                                                            **PLAINTIFF**

VS.                                                     CIVIL NO. 1:19-CV-00901-RHWR

**PELICIA HALL** *MDOC Commissioner et al.*                            **DEFENDANTS**

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY

BEFORE THE COURT is a Motion to Dismiss [84], filed by Defendants Pelicia Hall, Burl Cain, Joe Errington, Regina Reed, Anthony Beasley, Penny Bukfin, James Cooksey, Joseph Cooley, Sheneice Hartfield Evans, Roylandia McBride, Andrew C. Mills, and Richard Pennington, all in their individual and official capacities.[1] Plaintiff Mario Terrell Rucker, a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC), has responded to the Motion to Dismiss by filing seven Motions [87] [88] [89] [90] [91] [92] requesting discovery.

Defendants' Motion to Dismiss is granted and the Amended Complaint dismissed under Federal Rule of Civil Procedure 12(b)(1) without further leave to amend for lack of subject matter jurisdiction. Plaintiff does not have Article III standing to assert the claims in the Amended Complaint. Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by Eleventh Amendment sovereign immunity. Even if the Court had subject matter

---

[1] Plaintiff has sued Pelicia Hall. Hall is no longer the Commissioner of MDOC. The new Commissioner is Burl Cain. To the extent that Plaintiff is suing Hall in her official capacity, Cain is automatically substituted as Defendant in place of Hall. *See* Fed. R. Civ. P. 25(d).

jurisdiction, the Amended Complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and dismissal would be appropriate under Federal Rule of Civil Procedure 12(b)(6).

## I. BACKGROUND

Plaintiff is a state prisoner incarcerated at South Mississippi Correctional Institution ("SMCI") serving a life sentence of life without parole for aggravated assault. *See Rucker v. Banks*, No. 3:17-cv-247-TSL-FKB, 2019 WL 3754920 (S.D. Miss. Aug. 8, 2019). His Amended Complaint [80] asserts civil rights violations under 42 U.S.C. § 1983. Plaintiff alleges that gang-affiliated inmates are allowed control over the operations at SMCI. Plaintiff asserts that gang members maintain a privileged position, use violence to intimidate and control non-gang-affiliated inmates, and deal in contraband, including cell phones and drugs. Plaintiff alleges that some correctional officers at SMCI are corrupt and assist gang-affiliated-inmates in dealing contraband and stand by while inmates are assaulted and intimidated by gang members. Plaintiff alleges that supervisory officials have understaffed SMCI and failed to enforce its internal policies. Plaintiff maintains that he and other non-gang-affiliated inmates are exposed to a daily threat of harm. Plaintiff asserts that MDOC's Administrative Remedy Program ("ARP") is ineffectual because prisoner grievances are not resolved timely, and prison officials fail to adequately investigate the grievances. As relief, the Amended Complaint seeks "punitive damages $1 million dollars, or if possible a mandatory parole date." [80] at 37.

Plaintiff attempted to pursue this case as a class action, with a class consisting of himself and numerous other prisoners. The Court declined to sift through Plaintiff's initial thirty-four-page Complaint and 133 pages of exhibits to separate Plaintiff's permissible claims (claims personal to him) from impermissible claims (claims he asserts on behalf of others). [79] at 3. In an Order issued March 8, 2021, Plaintiff was advised that because he is not an attorney, he may only represent himself. [79] at 1-2. The Order dismissed "all claims in Plaintiff's Complaint based on the personal rights of others." *Id.* at 2. Plaintiff was advised that each claim in his Amended Complaint "shall include the name of other persons involved, dates, and places." *Id.* at 3.

In response to the Court's Order granting leave to amend, Plaintiff filed a forty-three page Amended Complaint [80] with 120 pages of exhibits [80-1]. While Plaintiff lists only himself as Plaintiff, the content of the Amended Complaint is essentially the same as the initial Complaint.

## II. DISCUSSION

### A.     Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss an action for a party's failure to comply with a Court order. Plaintiff did not comply with the Court's Order [79] to only include in the Amended Complaint claims personal to him. Dismissal under Rule 41(b) is nevertheless inappropriate, and Defendants' Motion to Dismiss under Rule 41(b) is denied.

### B.     Federal Rule of Civil Procedure 12(b)(1)

1.    **Article III Standing**

Standing is an essential component of subject matter jurisdiction that Plaintiff bears the burden of establishing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The form complaint completed by Plaintiff asked him if he sustained injuries related to his allegations and to describe the medical treatment he received, if any. Plaintiff responded:

> Know physical injury but, just knowing nothing was done is the fear factor here, these gang member's steal from each other and they will plant it on the non gang members's when they cant get away with what they are doing. We as the non gang member are subject to there rules as well as MDOC rules & regulations we can't win here by know means.

*Id.* at 37 [all sic in original].

To establish standing under Article III of the Constitution, a plaintiff must establish an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 130 S.Ct. 2743, 2752 (2010)).

> Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending. Thus, we have repeatedly reiterated that threatened injury must be certainly impending to constitute injury in fact, and that allegations of *possible* future injury are not sufficient.

Id. (citations and internal quotation marks omitted; emphasis in original).

The Amended Complaint does not allege that Plaintiff has suffered an injury at any point during his incarceration at SMCI, where his prior suits indicate he has been since 2015. *Rucker v. State*, No. 1:16-cv-53-LG-RHW, 2016 WL 1069092 (S.D.

Miss. Mar. 17, 2016). Rather, the Amended Complaint asserts an intolerable risk that at some unspecified point in the indefinite future, Plaintiff will be a victim of gang violence or intimidation while imprisoned at SMCI. This alleged risk is too speculative to support standing. *See Damian v. Park*, 137 F. App'x 619, 620 (5th Cir. 2005) (finding prisoner lacked standing because his contention that he would face future misconduct was a remote and speculative possibility); *see also Gomez v. California Dep't of Corr. & Rehab.*, No. 2:20-CV-0198 AC P, 2021 WL 1979514 (E.D. Cal. May 18, 2021) (dismissing prisoner complaint at initial screening without leave to amend where prisoner lacked standing to challenge housing designation program because he suffered no injury and was not faced with certainly impending danger); *Hugueley v. Haslam*, No. 3:16-cv-02885, 2017 WL 194288, at *4 (M.D. Tenn. Jan. 18, 2017) (dismissing prisoner complaint at initial screening because, *e.g.*, death row inmate lacked standing based on allegation that he "could possibly or potentially be threatened or harmed by [other] death row inmates as a result of the security issues" arising from lax operation of the death row unit where violence was allegedly a daily threat).

Plaintiff does not have standing to sue as an individual, and he may not invoke the rights of others or base standing on their injuries whether actual or imminent. The standing inquiry is personal and individualized. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). As a self-represented litigant, Plaintiff may not maintain a cause of action on behalf of other individuals nor seek to vindicate the rights of others. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Plaintiff

was granted leave to cure the defects in the initial Complaint, the Amended Complaint does not cure the defects, and Defendants' Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) is granted.

## 2. Official Capacity Claims for Monetary Damages are Barred by Sovereign Immunity

Defendants in their official capacities enjoy sovereign immunity from liability against Plaintiff's claims for monetary damages. Sovereign immunity limits the subject matter jurisdiction of the federal courts. *See Warnock v. Pecos Co. Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This amendment protects states from being sued in federal court for damages. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 276 (5th Cir. 2005). It applies to suits under both state and federal law. *See, e.g. Guajardo v. State Bar of Texas*, 803 F. App'x 750, 755 (5th Cir. 2020).

The protection extends to "any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002). The protection is not absolute. *Pace*, 403 F.3d at 276. First, states can waive their sovereign immunity. *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 451 (5th Cir. 2005). Second, "Congress may abrogate state sovereign immunity pursuant to the enforcement power conferred by § 5 of the Fourteenth Amendment." *Id.*

Congress has not abrogated the states' sovereign immunity from suit under § 1983. *Price v. Shorty*, 632 F. App'x 211, 212 (5th Cir. 2016). Mississippi has not waived its sovereign immunity. *See, e.g.* Miss. Code Ann. § 11-46-5(4); *Moore v. Univ. of Miss. Med. Ctr.*, 719 F. App'x 381, 387-88 (5th Cir. 2018). MDOC is an arm of the State of Mississippi, and its officers and employees are protected from suits for money damages in their official capacities by the Eleventh Amendment. *See Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366 (5th Cir. 2000); *Williams v. Mississippi Dep't of Corr.*, 2012 WL 2052101, at *1-2 (S.D. Miss. 2012); *Dandridge v. Mississippi*, 2009 WL 4940105, at *7 (S.D. Miss. 2009). Defendants' Motion to Dismiss Plaintiff's claims for money damages against Defendants, in their official capacities is granted for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

While prospective injunctive relief may be sought against a state official in federal court under the *Ex Parte Young* exception, the *Ex Parte Young* exception to sovereign immunity does not apply here because Plaintiff's Amended Complaint requests "punitive damages $ 1 million Dollar, or if possible a mandatory parole date due to an illegal sentence by me not having an indictment for the charge that I am incarcerated for Aggravated Assault." [80] at 37. Plaintiff does not request prospective injunctive relief beyond "a mandatory parole date." *Id.* "A challenge to the terms of imprisonment is properly brought in a 28 U.S.C. § 2254 proceeding and is not cognizable in § 1983 proceedings." *May v. Texas Bd. of Pardons & Paroles,* 370 F. App'x 550, 552 (5th Cir. 2010). Plaintiff's petition for relief under § 2254 was denied

by this Court in *Rucker v. Banks*, No. 3:17CV247TSL-FKB, 2019 WL 3754920 (S.D. Miss. Aug. 8, 2019).

**C.  Federal Rule of Civil Procedure 12(b)(6)**

Even assuming Plaintiff had standing under Article III to pursue the individual capacity claims against Defendants, the Amended Complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. "The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Federal Rule of Civil Procedure 8, which provides, in relevant part, that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

1.  **MDOC Policies**

Plaintiff alleges that Defendants were deliberately indifferent to MDOC policies. Many pages of the Amended Complaint are verbatim restatements of the following MDOC policies: <u>Policies and Standard Operating Procedures</u> (SOP #01-01-01), <u>Review of Staffing</u> (Policy # 03-29), <u>Protection from Harm</u> (SOP # 20-05-01); <u>Security Threat Group Management</u> (Policy #16-19); <u>CID Inspection and Investigation</u> (Policy 12.01), <u>Notification of Incidents to CID</u> (Policy 12.04); <u>Criteria for CID Investigations</u> (Policy 12.05); <u>General Standards of Professional Conduct</u> (Policy 03-01); <u>Grievance Procedures</u> (SOP 20-08-01).

To the extent that Plaintiff's claims are based on Defendants' alleged "deliberate indifference" to MDOC policies, he states no cause of action. "An assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim." *McFaul v. Valenzuela,* 684 F.3d 564, 579 (5th Cir. 2012); *see Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Internal rules and policies do not alone create federally protected rights. *Lewis v. Sec'y of Public Safety and Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). Unless conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation. *Jackson v. Cain,* 864 F.2d 1235, 1252 (5th Cir.1989). Plaintiff's allegations that Defendants were deliberately indifferent to MDOC rules and policies states no constitutional claim.

2.  **Inmate Grievance Procedures**

Plaintiff alleges that prison officials fail to properly investigate and timely respond to prisoner grievances. "A prisoner has a liberty interest only in freedoms

from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff has no constitutional right to a grievance procedure and has no due process liberty interest in having grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Smith v. Horton*, 670 F. App'x 872, 873 (5th Cir. 2016) (finding prisoner had no liberty interest in adequacy or result of prison administrative grievance procedures). Plaintiff's claims premised on Defendants' alleged failure to properly investigate and timely respond to grievances are indisputably meritless. *Geiger,* 404 F.3d at 373-74;

### 3. Failure to Protect

Plaintiff alleges that he and other non-gang-affiliated inmates are exposed to a risk of danger from gang-affiliated inmates because of the way SMCI is currently being operated. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment, as applied to states by reason of the Fourteenth Amendment's Due Process Clause, provides inmates protection from cruel and inhumane treatment. U.S. CONST. amend. VII; see *Robinson v. California*, 370 U.S. 660, 675 (1962). This protection includes the duty of prison officials to take "reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). To successfully assert a § 1983 failure to protect claim, a prisoner must show (1) that he was "incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendant

prison official's state of mind was one of deliberate indifference to the prisoner's safety." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

Though given an opportunity to amend his Complaint to make his best case, Plaintiff has still not placed before the Court sufficient factual content which allows the Court to draw a reasonable inference that any Defendant is liable to him. Plaintiff's Amended Complaint is forty-three pages of verbatim MDOC policies, legal conclusions and legal briefing. Plaintiff has failed to identify any specific actions or omissions by any individual Defendant that he contends violated his personal rights. He does not identify any past incidents of gang violence or intimidation towards him. He does not allege that correctional officers have been complicit while he has been assaulted or intimidated. Plaintiff identifies no specific co-inmates who are a danger to him. He does not allege that any particular Defendant has been aware of a specific risk of attack prior to the attack and failed to take measures to prevent the risk. There are no facts pleaded to suggest that Plaintiff is particularly susceptible to being attacked or intimidated, or that prison officials were made aware of that, yet were deliberately indifferent to his need for protection. Plaintiff's allegation of generalized danger, devoid of particulars, and devoid of an injury, fails to state a failure to protect claim. *See Bass v. Blount*, No. 1:18-cv-75-RHW, 2019 WL 4197599 (S.D. Miss. Sept. 4, 2019) ("Although Plaintiff expresses a generalized fear of gang-affiliated members, the mere threat of violence does not by itself constitute a failure to protect.").

### D. Plaintiff's Discovery Motions

Plaintiff filed seven discovery Motions [87] [88] [89] [90] [91] [92] in response to Defendants' Motion to Dismiss [84]. Because Plaintiff's Amended Complaint must be dismissed for lack of subject matter jurisdiction, Plaintiff is not entitled to discovery, and his Motions are denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [84] under Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**.

**IT IS, FURTHER, ORDERED** that Plaintiff's Motions [87] [88] [89] [90] [91] [92] requesting discovery are **DENIED**.

**SO ORDERED**, this the 22nd day of April, 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE